UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KRISTOPHER W. PRESLEY a/k/a ) | |
| KRISTOPHER WAYNE PRESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 18-2087-JDT-cgc |
| ) | |
| OFFICER JONES, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
ADDRESSING PENDING MOTIONS, PARTIALLY DISMISSING AMENDED
COMPLAINT, AND DIRECTING THAT PROCESS BE ISSUED AND
SERVED ON THE REMAINING DEFENDANTS

On June 12, 2019, the Court issued an order dismissing Plaintiff Kristopher W. Presley a/k/a Kristopher Wayne Presley's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 11.) After the Court granted an extension of time, (ECF No. 16), Presley filed a timely amendment. (ECF No. 17.) Presley also moved to appoint counsel, (ECF No. 18 at PageID 74-75), and to add a supplemental fact to his amended complaint, (*id.* at PageID 76). The motion to add a supplemental fact is GRANTED, and the Court will consider the additional fact in this order. However, the appoint of counsel is not warranted at this time.

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." A district court is vested with broad discretion in

determining whether to appoint counsel for an indigent civil litigant. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id.* at 605-06; *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether exceptional circumstances exist] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

Presley asserts that counsel should be appointed because he is unable to view security camera footage he needs to prove his case, he will be unable to discover the identity of the officers involved or question them in this matter, and because the facts of his case are complex. These assertions do not demonstrate exceptional circumstances warranting appointment of counsel. Moreover, Presley will be able to obtain available evidence and submit interrogatories to the remaining Defendants during the discovery process, should his case reach that stage of the proceedings. Presley's request for appointment of counsel is therefore DENIED without prejudice to refiling, if necessary, at a later, appropriate time.

In his amended complaint, Presley lists the same Defendants as in his original complaint[1] and adds Shelby County.[2] Presley sues the Officer-Defendants in their individual capacities. (*Id.* at PageID 60-61.)

Presley realleges many of the same facts in his original complaint. He alleges that a riot occurred on the fourth floor of the Jail while he was watching television. (*Id.* at PageID 63.) During the riot, Presley was twice sprayed with mace by an unknown and unnamed officer, thrown to the ground by another unnamed officer, and attacked by two inmates while on the ground. (*Id.*) Presley generally alleges that "the officers" acted without concern for his safety during the alleged riot by using mace on him and by allowing two other inmates to "break away" from the officers and attack Presley while he was on

---

[1] Presley again lists several John or Jane Doe Defendants. Presley provides no identifying information for these Defendants but asserts that "[v]ideo evidence will identify whom [sic] these officers are." (ECF No. 17 at PageID 67.) Presley is reminded, however, that the statute of limitations against these parties is not tolled by the filing of this, or the initial, complaint. (*See* ECF No. 11 at PageID 37 n.3.) The applicable statute of limitations for § 1983 actions brought in Tennessee is one year. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Moreover, that Presley does not know the identities of these Defendants is not a "mistake" that would permit a future amended complaint to "relate back" to the date of his original complaint under Fed. R. Civ. P. 15(c). *See Jenkins v. Hardeman Cnty., Tenn.*, No. 13-2054, 2013 WL 5593048, at *6 (W.D. Tenn. Oct. 10, 2013) (citing *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013)). Presley's claims against the John/Jane Doe Defendants are therefore untimely and would remain so even if he were able to identify the Defendants through discovery. The Clerk is DIRECTED to remove the John/Jane Doe Defendants from the docket.

[2] Presley's claims against the Shelby County Jail (Jail) and the Shelby County Gang Intelligence Unit (GIU) as an entity are construed as claims against Shelby County. For the reasons stated in note 1, *supra*, any claims against the individual "unknown officers" of the GIU are untimely.

the ground. (ECF No. 17 at PageID 63-65.) However, as a supplemental fact, he alleges that the attacks by the other inmates did not occur until *after* the officers had regained control of the unit. (ECF No. 18 at PageID 76.) During those attacks, he heard someone say, "get the white boy cuzz [sic]." (*Id.*)

Presley alleges that Defendant Officer FNU Jones is responsible for the attacks because he failed to call for back-up when an unspecified number of inmates disregarded his order to sit down and failed to notice that several inmates were wearing tennis shoes in violation of Jail policy. (ECF No. 17 at PageID 64-65.) He alleges that "[t]he staff knew that if one or more inmates were wearing tennis shoes at any other time [than recreation], that a riot was imm[i]nent." (*Id.* at PageID 64.) Presley asserts that if Jones had called for back-up, the riot would not have occurred. (*Id.* at PageID 65.) He also contends that Jones "was further involved during the riot" but alleges he would need to review video of the incident to determine the degree of Jones's culpability. (*Id.* at PageID 66.)

Presley asserts that Defendant FNU Moore, identified as the Superintendent or Chief Jailer, (*id.* at PageID 61), knew a riot was imminent because there had been three prior riots on the fourth floor of the Jail within the last ninety days, yet he failed to act to prevent another from occurring. (*Id.* at PageID 66-67.) He alleges that Moore knew members of rival gangs were being housed together on the fourth floor despite previous "'turf' fights" between the gangs. (*Id.* at PageID 66.) Presley asserts that Moore "was required by all objective reasons to either sep[a]rate the rivals, or maintain a security lockdown of the 4th floor in order to provide for the safety of [Presley] or any other inmates on the 4th floor." (*Id.*) Presley suggests that Moore may have intentionally moved Presley

4

to the fourth floor to allow him to be assaulted by gang members but concludes that "an affidavit as to why Moore did not lock-down the floor and why he DID allow for the Plaintiff to be moved there" is necessary to discern his true intent. (*Id.*)

Presley further alleges that Shelby County has a policy of "not locking-down violent floors" in the prison, not separating known violent rival gangs, and "allowing a [C]aucasian man to be housed with active violent rival gang members" known to seek to harm him. (*Id.* at PageID 68.) He further contends that it was Shelby County's policy for him to be sprayed with mace and rendered "helpless on the floor in the path of private violent actors," that is, the rival gangs who started the riot. (*Id.*)

Presley seeks compensatory and punitive damages and injunctive relief requiring Shelby County to "retrain their Jail Staff to prevent this from happening to another person, or myself if I am housed there, [sic] again." (*Id.* at PageID 71.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 11 at PageID 38-40), and will not be reiterated here.

Presley's amended complaint contains allegations against only Defendants FNU Jones, Moore, and Shelby County. Presley therefore fails to state a claim against any other Defendant. (*Id.* at PageID 40.) Defendants Cleaves, Bradfield, Fisher, Ross, R. Jones, Echols, Holmes, and Davis are DISMISSED from this case.

Presley alleges that Officer Jones is responsible for the riot, and Presley's harm during it, because he: 1) did not call for back-up when inmates refused to sit down as he had ordered and 2) did not notice that some inmates were violating Jail policy by wearing

5

tennis shoes outside of recreation time. However, Presley fails to allege facts showing how these two infractions should have alerted Jones to the imminent threat of a riot. He does not allege that Jones was aware of long-simmering tension on the floor (as he alleges about Defendant Moore) or knew that by not calling for back-up, a riot would occur.

At most, Presley's allegations suggest that Jones may have been aware of the *possibility* of further unrest. To conclude that he was deliberately indifferent, however, Presley must allege facts showing that Jones disregarded not just a possibility of harm but "an excessive risk" to the inmates' health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *see Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) ("There must be a 'strong likelihood' of injury, 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference."); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (quoting *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)) ("[I]n order to infer callous indifference when an official fails to protect a prisoner from the risk of attack, there must be a 'strong likelihood' rather than a 'mere possibility' that violence will occur."). Presley therefore fails to state a claim of deliberate indifference against Jones regarding the riot and Jones's actions beforehand.

The allegations against Defendant Moore are different. Presley alleges Moore was aware that the fourth floor had seen three riots in the previous ninety days. He alleges that Moore knew rival gangs were being housed together on the fourth floor, which had led to "turf fights" in the past. Despite knowing about the past fights and the housing situation, Moore did not separate the rival gangs or lock down the fourth floor to prevent additional riots or unrest. These allegations suggest that Moore was aware that "a substantial risk of

6

inmate attacks was longstanding, pervasive, well-documented, or expressly noted" on the fourth floor of the Jail yet failed to act accordingly. *Farmer*, 511 U.S. at 842 (quotations omitted). Presley's allegations "could be sufficient to permit a trier of fact to find that [Moore] had actual knowledge of the risk" and deliberately disregarded it. *Id.* at 842-43; *see Curry v. Scott*, 249 F.3d 493, 506-07 (6th Cir. 2001). Accordingly, Presley has sufficiently pleaded a claim of deliberate indifference against Defendant Moore. The Court will allow that claim to proceed.

Presley also seeks to hold Shelby County liable for his injuries. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court has concluded that Presley sufficiently pleads a violation of his Eighth Amendment rights. He also has identified a policy that he alleges led to his harm, alleged that Shelby County itself instituted that policy, and connected the harm suffered to the policy in question. (*See* ECF No. 11 at PageID 40-41 (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).) These allegations sufficiently plead a claim against Shelby County. This claim also shall proceed.

Presley also has filed a motion to join this § 1983 action with a proposed tort action under state law based on the same allegations. (ECF No. 21.) Because Presley states a claim under § 1983 against Defendant Moore and Shelby County, the Court will allow him to proceed on his state law claims of negligence against those Defendants under the Court's supplemental jurisdiction, 28 U.S.C. § 1367. His motion is therefore GRANTED in part.

7

Because Presley is no longer at the Jail, however, his request for injunctive relief is moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (complaint for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). His claims against Moore and Shelby County will proceed with damages as the sole potential remedy.

It is ORDERED that the Clerk shall issue process for Defendants Chief Jailer FNU Moore and Shelby County and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Moore pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective.

Service shall be made on Defendant Shelby County pursuant to Federal Rule of Civil Procedure 4(j)(2) and Tennessee Rule of Civil Procedure 4.04(7) by delivering the process to the chief executive officer of Shelby County.

All costs of service shall by advanced by the United States.

It is further ORDERED that Presley shall serve a copy of every subsequent document he files in this case on the attorneys for Defendants Moore and Shelby County or on the Defendants if they are unrepresented. Presley shall make a certificate of service on every document he files. Presley shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[3]

---

[3] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Presley is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE