IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KRISTOPHER W. PRESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-2087 |
| | ) | |
| OFFICER JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DISMISSING CASE WITH PREJUDICE

On February 5, 2018, pro se Plaintiff Kristopher Presley filed this civil action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Presley alleged that his constitutional rights had been violated during a prison riot at Shelby County Jail.  (Id.)  On February 6, 2018, the Court granted leave to proceed in forma pauperis and assessed the §350 civil filing fee.  (ECF No. 4.) The Court told Presley that he must notify the Court immediately, in writing, of any change of address.  (Id.)  On August 20, 2019, Presley filed his Amended Complaint.  (ECF No. 17.)  The Court screened the Amended Complaint and concluded that Presley had sufficiently pleaded constitutional claims against Defendants Robert Moore and Shelby County (the "Defendants.")  (ECF No. 22.)  The Court again reminded Presley to notify the Court of any change of address. (Id.)

Prison security footage of the riot soon became a crucial piece of evidence in the case.  Presley did not have access to the video evidence and asked the Court to send it to him at USP Tucson, where he was incarcerated.  (ECF Nos. 53, 57.)  On September 23, 2020, Defendants filed their Joint Motion for Summary Judgment, which relied on the security footage.  (ECF No. 71.)  On October 6, 2020, Presley argued that summary judgment was improper because he had not received the video evidence.  (ECF No. 73.)  On October 8, 2020, Presley asked the Court to stay its decision on the Motion for Summary Judgment until he could see the video evidence.  (ECF No. 74.)

On February 2, 2022, the Court granted Presley's requests to see the video evidence.  (ECF Nos. 79, 80.)  The Court gave Presley until March 14, 2022, to respond to the Motion for Summary Judgment.  (ECF Nos. 81, 82.)  On February 4, 2022, Presley was released from USP Tucson.  See Federal Bureau of Prisons, *Inmate Locator*, "Kristopher Presley," https://www.bop.gov/inmateloc/ (last accessed Mar. 9, 2022).  On March 7, 2022, mail sent to Presley was returned as undeliverable.  (ECF No. 83.)

Rule 41(b) gives the Court authority to dismiss a case if the plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b);  see Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362-63 (6th Cir. 1999);  see also Link v. Wabash R.R.

Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Involuntary dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). Presley has failed to comply with the Court's orders to update the Court with his current address. His whereabouts are unknown, and he has failed to proceed with his case.

For the foregoing reasons, the case is DISMISSED WITH PREJUDICE.

SO ORDERED this 9th day of March, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE